## Anna M. Keller *v.* David O. Boorse, Appellant.

*Negligence—Leaving horse unhitched and unattended under a railroad bridge—Question for jury.*

In an action against the owner of a horse and wagon to recover damages for the death of plaintiff's husband, the case is for the jury where the evidence for the plaintiff, although contradicted, tends to show that the defendant's driver left a horse attached to a cart, standing unhitched and unattended under a railroad bridge, and that the horse became frightened, ran away and collided with a wagon driven by plaintiff's husband, who was killed by the collision.

Argued April 6, 1898. Appeal, No. 72, Jan. T., 1898, by defendant, from judgment of C. P. No. 4, Phila. Co., December Term, 1895, No. 806, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before WILLSON, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in submitting the case to the jury.

*E. Cooper Shapley*, for appellant.

*Louis Brégy*, with him *H. Homer Dalbey*, for appellee, cited Henry v. Klopfer, 147 Pa. 178; Overington v. Dunn, 1 Miles, 39; Connor v. Traction Co., 173 Pa. 602.

PER CURIAM, April 18, 1898:

Plaintiff's right to recover depended on disputed questions of fact which necessitated submission of the case to the jury. In support of her averment that the injury of which her husband died was caused by defendant's negligence, testimony was introduced to prove that defendant's horse, left standing under the railroad bridge at 16th street and Indiana avenue, unhitched and unattended by any one, became frightened by the sudden noise of an over passing train, dashed down the avenue into Broad street, and there ran into the wagon that was being

driven down Broad street by plaintiff's husband, and so injured him that he shortly afterwards died. One of plaintiff's witnesses testified in substance that she saw the occurrence; that her attention was attracted by the noise of the train passing over the bridge, and saw the horse (with cart attached) " start from under the bridge. It came down Indiana avenue. I didn't see any one with it at all. When it got to Broad street it hit the farmer's wagon and mashed it all to pieces." To the question : " Was there any one by the horse when you saw it start? " her answer was : " No, sir." On behalf of the defendant there was some testimony tending to show that the horse was not unattended at the time he became frightened and ran down Indiana avenue, etc. In view of this and other conflicting evidence, it was clearly the duty of the court to submit the case to the jury. That was done in an impartial and fully adequate charge, and, as shown by the verdict, the disputed questions of fact were determined in favor of the plaintiff. It follows that there was no error in refusing to withdraw the case from the jury by giving them binding instructions to find for defendant, and hence the assignment of error must be overruled.

Judgment affirmed.